**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **GUADALUPE ESCOBAR**<br>5206 Carswell Ave., Apt 202<br>Suitland, MD 20746<br><br>    Plaintiff,<br><br>v.<br><br>**CHARLIE'S RESTAURANT**<br>5711 Silver Hill Road<br>District Heights, MD 20747;<br><br>**RAJA SAHIB 108, INC.,**<br>5711 Silver Hill Road,<br>District Heights, MD 20747;<br><br>**CHARLIE'S ONE, LLC,**<br>5711 Silver Hill Road<br>District Heights, MD 20747;<br><br>**CHARANJIT SINGH,**<br>7910 Martin Luther King, Jr. Hwy<br>Glenarden, MD 20706;<br><br>    and<br><br>**KIRANJIT KAUR,**<br>5711 Silver Hill Road<br>District Heights, MD 20747<br><br>    Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.:<br>)   Jury Trial Requested<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>COMPLAINT</u>**

GUADALUPE ESCOBAR (hereinafter "Plaintiff"), by and through undersigned

counsel, hereby submits this Complaint against Defendants CHARLIE'S RESTAURANT

("Defendant Charlie's"), and RAJA SAHIB 108, INC. ("Defendant Raja"), CHARLIE'S ONE, LLC ("Defendant Charlie's One"), CHARANJIT SINGH ("Defendant Singh"), KIRANJIT KAUR ("Defendant Kaur"), to recover unpaid wages, unpaid overtime, liquidated damages, interest, reasonable attorneys' fees and costs, and all other relief as appropriate under Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"); and unpaid wages, unpaid overtime, liquidated damages, interest, reasonable attorneys' fees and costs, and all other relief appropriate under the Maryland Wage and Hour Law, Md. Code Ann., LE §§ 3-401, *et. seq.* (hereinafter, "MWHL"); and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Md. Code Ann., LE §§ 3-501, *et. seq.* (hereinafter, "MWPCL").

Plaintiff requests relief also under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-2 *et seq*, ("Title VII") and Title 20 of the Annotated Code of Maryland, State Government article, along with the Maryland common law of battery, for facts substantiating a sexually hostile working environment including harmful or offensive physical contact with her person.

## INTRODUCTION AND BACKGROUND

1.  Plaintiff, a Spanish-speaking worker with little fluency in either spoken or written English, brings this action to require Defendants to pay back wages owed to her that Defendants failed to pay in violation of the FLSA, the MWHL, and the MWPCL. Plaintiff seeks permanent injunctive relief and damages. Plaintiff additionally seeks relief under Title VII for damages related to the pervasive and sexually hostile environment inflicted upon her by Defendants, her employers, on the basis of her sex.

2

2. From 2013 through June 14, 2019, Plaintiff had been employed jointly by Defendants. Plaintiff's work for Defendants has been to operate the drive-through, cook, perform janitorial duties, serve tables, bartend, order restaurant supplies, cashiering, and working the lottery at a restaurant and bar owned and operated by Defendants located at 5711 Silver Hill Road, District Heights, MD 20747 (the "restaurant"). Defendants employ between 8 and 9 employees at the restaurant to perform these tasks. Plaintiff routinely works 60 through 84 hours per week for Defendants, but Defendants failed to pay Plaintiff an overtime premium of one and one-half times the regular rate of pay for her hours worked over 40 in any workweek.

## FEDERAL JURISDICTION AND VENUE

3. Original jurisdiction in this Honorable Court is expressly provided by the FLSA, 29 U.S.C. § 201, *et seq* and 42 U.S.C. 2000e-5(f). This Court also has subject matter jurisdiction generally under 28 U.S.C. § 1331, as this matter presents a federal question.

4. Discretionary supplemental jurisdiction of Plaintiff's Maryland state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from a common nucleus of operative facts, on which Plaintiff's claims are based.

5. No reasons exist that would force this Honorable Court to decline jurisdiction; the state law claims (i) do not raise novel or complex issues of state law, (ii) do not substantially predominate over the claims over which this Honorable Court has original jurisdiction, and (iii) no exceptional circumstances exist that would constitute a compelling reason for declining jurisdiction, thereby satisfying 28 U.S.C. § 1367(c).

6.   Pursuant to 28 U.S.C. § 1391(b), venue is appropriate before this Court; the unlawful acts central to this matter occurred primarily within the State of Maryland, i.e. this judicial district.  Plaintiff is also a resident of the State of Maryland and has been for the entirety of the relevant period.

7.   This Honorable Court has personal jurisdiction over Defendants for multiple overlapping reasons. Defendants Charlie's, Raja, and Charlie's One have been incorporated, organized or registered under the laws of Maryland and conduct sufficient business within the forum state and constitute a submission to the law of Maryland and the courts within Maryland.  Defendants Singh and Kaur are citizens and residents of Maryland who routinely do business in Maryland. Defendants employed the Plaintiff in Maryland, and the actions complained of were conducted in Maryland.

## **THE PARTIES**

8.   Plaintiff Guadalupe Escobar is an adult resident of Suitland, Maryland, and is a former non-exempt employee of Defendants who earned, but did not receive from Defendants, compensation for time and one-half pay for time working over 40 hours per week for Defendants over many relevant weeks of work.

9.   Plaintiff was during all relevant times an "employee" as that term is defined under the FLSA, 29 U.S.C. §203(e), and within the meaning of the MWHL and the MWPCL.

10. The work of the Plaintiff regularly involved her in commerce between States ("interstate commerce").  The FLSA covers individual workers, like the Plaintiff, who is "engaged in commerce or in the production of goods for commerce."

11. Defendant Charlie's Restaurant is a defunct trade name belonging to Raha Sahib 108, Inc., a defunct corporation, that had previously been valid existing under the laws of the State

of Maryland.   During Plaintiff's employment Defendant Charlie's Restaurant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), the MWHL, § 3-401(b), and the MWPCL, § 3-501(b). At all times relevant, Defendant Charlie's had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce and, upon information, grossed more than $500,000 per year in gross income. The registration of Charlie's Restaurant as a trade name lapsed by operation of law on May 15, 2019.

12. Defendant Raja Sahib 108, Inc. is a defunct corporation formed and existing under the laws of the State of Maryland and, during Plaintiff's employment Defendant Raja was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), the MWHL, § 3-401(b), and the MWPCL, § 3-501(b). At all times relevant, Defendant Raja has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce and, upon information, grossed more than $500,000 per year in gross income. Maryland forfeited the existence of this corporation on October 16, 2018 by order of the Secretary of State's designee, and it ceased to exist legally on that date in Maryland.

13. Defendant Charlie's One, LLC is a limited liability company formed and existing under the laws of the State of Maryland and, during Plaintiff's employment Defendant Charlie's One, LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), the MWHL, § 3-401(b), and the MWPCL, § 3-501(b). At all times relevant, Defendant Charlie's One, LLC has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce and, upon information, grossed more than $500,000.00 in income.

14. Defendant Singh at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Singh is the owner and operator of Defendant Charlie's, appears on a frequent, almost daily basis at the Charlie's restaurant where Plaintiff worked, and controlled significant aspects of Plaintiff's operations, including the hiring and firing of employees. Defendant Singh exercised day-to-day operation and control of the enterprise comprising Defendants, including control over employee hours, employee schedules, employee pay rates, employee pay weeks, employee responsibilities and the records of employee work, hours and pay. In establishing the pay scheme at issue in this case and in misclassifying the Plaintiff as an independent contractor, Defendant Singh was motivated by his desire to avoid paying an overtime premium to Plaintiff as required by the FLSA, the MWHL, and the MWPCL. At all times relevant, Defendant Singh has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce and, together with Charlie's, Raja Sahib, Inc. and Charlie's One, grossed more than $500,000.00 in income upon information and belief.

15. Defendant Kaur at all times relevant hereto was an "employer" as that term is defined by 29 U.S.C. §203 (d). In particular, Defendant Singh is the owner and operator of Defendant Charlie's One, LLC, appears on a frequent, almost daily basis at the Charlie's One, LLC's restaurant where Plaintiff worked, and controlled significant aspects of Plaintiff's operations, including the hiring and firing of employees. Defendant Kaur exercised day-to-day operation and control of the enterprise comprising Defendants, including control over employee hours, employee schedules, employee pay rates, employee pay weeks, employee responsibilities and the records of employee work, hours and pay. In establishing the pay scheme at issue in this case and in misclassifying the Plaintiff as an independent contractor, Defendant Singh

was motivated by his desire to avoid paying an overtime premium to Plaintiff as required by the FLSA, the MWHL, and the MWPCL. At all times relevant, Defendant Singh has had two (2) or more employees who have regularly handled and worked on goods and/or materials that have been moved in or produced for commerce. together with Charlie's, Raja Sahib, Inc. and Charlie's One, grossed more than $500,000.00 in income upon information and belief.

16. Defendants Singh and Kaur were, additionally, employers of Plaintiff after October 16, 2018, because they were in fact employing her as agents of, under the apparent authority of, the non-existent principal Raja Sahib 108 Inc., after that corporation's lapse date.

17. Defendant Singh, Kaur and Charlie's One LLC are, upon information, custodians of the assets of Raja Sahib 108, Inc. and Charlie's Restaurant, lapsed commercial entities with no right to attempt to operate in Maryland, under the names of which Defendants Singh, Kaur and Charlie's One, LLC have improperly attempted to engage in commerce in Maryland.

18. Defendants were "joint employers" of Plaintiff because all Defendants were "person[s] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d).

19. Defendants fit the definition of "employer" under applicable provisions of the MWHL and MWPCL.

20. In establishing the unlawful pay scheme at issue in this case and in misclassifying the Plaintiff as an independent contractor, Defendants were motivated by their desire to avoid paying an overtime premium to Plaintiff and other similarly situated employees as required by the FLSA.

21. Based on information and belief, at all relevant times Defendants' annual gross sales volume as defined by the FLSA has exceeded $500,000 per year, and therefore likewise exceeded the $400,000 gross sales volume contemplated by the MWHA as well.

22. Upon information and belief, Defendants had at least 15 employees for at least 20 weeks of the calendar year during relevant years for purposes of the application of the 1964 Civil Rights Act and Maryland's Title 20.

## DEFENDANTS' WAGE AND HOUR SCHEME

23. Plaintiff provided services involving operating the drive-through, cooking, perform janitorial duties, serving tables, bartending, ordering restaurant supplies, cashiering, and working the lottery at Defendant Raja Sahib 108, Inc's restaurant and bar doing business as "Charlie's Restaurant" located at 5711 Silver Hill Road, District Heights, Maryland 20747.

24. Plaintiff provided services involving operating the drive-through, cooking, perform janitorial duties, serving tables, bartending, ordering restaurant supplies, cashiering, and working the lottery at Defendant Raja Sahib 108, Inc's restaurant and bar doing business as "Charlie's Restaurant" located at 5711 Silver Hill Road, District Heights, Maryland 20747.

25. The named Plaintiff regularly worked more than forty hours in every week she worked during her employment by Defendants.

26. Defendants failed to maintain time records for all of Plaintiff's hours worked as required by 29 U.S.C §211 and analogous provisions of the MWHL and MWPCL.

27. During the three-year period preceding the institution of this case, Defendants made deductions from the wages of the Plaintiff and for alleged cash register shortages, but did not receive written permission to do so in violation of section §3-503(2) MWHL.

28. In particular, Defendants made unauthorized deductions from the wages of Plaintiff. Defendant Singh, without any auditing, would deduct ten (10), twenty (20), or even fifty (50) dollars from Plaintiff's register claiming she was "short" and that she was "stealing his money." Defendant Singh did not count the register, did not audit, nor did he provide any type of justification for his daily deductions from Plaintiff's wages. Defendants also made fifty (50) dollar deductions from all of Plaintiff's paychecks for "taxes" but never filed or provided any W-2, 1099, or any other tax documentation for Plaintiff to file her taxes. Defendants made these deductions as part of a pattern or practice of such deductions that have caused Plaintiff to receive less than the minimum wage in certain work weeks.

## OVERTIME VIOLATIONS

29. Defendants operating as joint employers routinely and consistently required the Plaintiff to work over forty hours per week, commonly known as "overtime work," as a condition of continued employment by Defendants.

30. The FLSA, the MWHL, and the MWPCL require an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in one workweek over forty hours ("overtime"). This is commonly known as the "time-and-a-half pay for overtime work."

31. Despite working overtime, the Plaintiff was not paid time and one-half pay from Defendants for overtime worked.

## WILLFULNESS OF THE WAGE THEFT SCHEME

32. On information and belief, Defendants have willingly, deliberately and intentionally refused to pay Plaintiff time and one-half pay for overtime worked, and since on or after her employment in 2013 through present.

9

33. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, post the FLSA laws in an area alerting the Plaintiff of her rights to payment for time worked and to overtime pay under the FLSA. In fact, Defendants posted a grossly outdated poster providing incorrect information with regard to the minimum wage.

34. Consequently, the Plaintiff was, until recently, never aware that the FLSA and the MWHL provided for compensation at time and one-half pay for overtime worked or that she was owed compensation at the premium rate of time and one-half pay for overtime worked.

35. Defendants led the Plaintiff to believe that her regular pay was paid in conformity with the FLSA, the MWHL, and the MWPCL.

36. During all relevant times, Defendants knew or should have known that the Plaintiff was entitled to compensation for time and one-half overtime pay under the FLSA, the MWHL, and the MWPCL.

37. Defendants willfully, deliberately and intentionally failed to pay the Plaintiff for time and one-half overtime pay for their hours worked over forty in any workweek.

38. Defendants have never claimed that the FLSA, the MWHL, and the MWPCL laws do not apply to the Plaintiff, or that the Plaintiff is subject to any exemption from these FLSA, MWHL, and MWPCL requirements.

39. No good faith excuse exists for the failure to pay all lawful wages including all minimum wages and all overtime, and more than 15 days have passed since the due date for proper wage payments.

40. Defendants acted with malice, i.e. evil intent, intent to injure, intent to defraud multiple persons and intent to oppress a vulnerable, non-English-speaking non-exempt worker in order to increase the cash profitability of their commercial enterprise.

## SPECIFIC AVERMENT OF HARDSHIP FROM WAGE ABUSE

41. As a direct and proximate result of Defendants' illegal wage withholding scheme and Defendants' failure to pay all wages as required by federal and state law, Plaintiff has suffered damages, hardship, deprivation, fear, exhaustion and financial abuse including consequential financial losses.  Treble damages under MWCPL apply accordingly as does an award of reasonable attorneys' fees under that statute's exemplary damages remedy under Md. Code Ann. LE §3-507.2.

## SEXUAL ABUSE AND HARASSMENT
## BY OWNER DEFENDANT CHARANJIT SINGH

42. Apart from the years of wage theft, Defendants subjected Plaintiff to a pervasively hostile sexually hostile working environment.

43. Plaintiff is a Hispanic female that was originally employed by A1, one of Defendant Singh's liquor stores, in 2013. After 2 to 3 weeks of employment with A1, Singh moved Plaintiff to work at Charlie's Restaurant. After Plaintiff's shifts at Charlie's finished, she would travel and begin her shifts at Brother's Liquor, another of Defendant's liquor stores sharing ownership with Charlie's Restaurant and A1. Plaintiff was employed at Charlie's to operate the drive-through, cook, perform janitorial duties, serve tables, bartend, order restaurant supplies, and work the lottery. Plaintiff direct supervisor was Charanjit Singh throughout the duration of her employment with his companies.

44. Within the first couple weeks of Plaintiff's employment, Defendant Singh grabbed Plaintiff's buttocks while she was cashiering at Charlie's Restaurant. After this incident, Plaintiff spoke with Mr. Singh and expressed her concern at his behavior. Defendant Singh

11

dismissed Plaintiff's concerns, and shortly after the conversation proceeded to grope Plaintiff's body yet again. At no time did Guadalupe Escobar give permission to her boss Mr. Singh to grope her, sexually or otherwise.

45. After the second groping, Plaintiff spoke with a secondary manager at Brothers Liquor and expressed her frustration with Singh's abuse of his authority. Defendant Singh's sexually abusive behavior subsided for only few months after those complaints, but then began again.

46. Defendant Singh, throughout the bulk of Plaintiff's employment, subjected Ms. Escobar to unwanted sexual attention, demanding that Plaintiff dress for him in a sexually provocatively during her cashier, janitorial and food preparation work shifts. No bona fide job requirement or purpose made this request even remotely proper.

47. Defendant Singh's sexual harassment escalated to extremes such as his asking Ms. Escobar if she had ever "fucked a Black man" and whether that experience with a Black man had caused her physical pain. Defendant Singh's obscene inquiries always continued in this same lewd manner regarding Plaintiff's interactions with African American restaurant customers at Charlie's, and often took place in front of restaurant customers, even up to June 2019.

48. On May 10, 2019, Defendant Singh grabbed one of the liquor bottles from the restaurant's supply and began to rub it against Ms. Escobar's thighs and buttocks. Defendant Singh stared at Plaintiff and said nothing while he performed this non-consented act. Plaintiff had to remove herself from Defendant Singh's presence to stop Singh's contact with that intimate area of her body - an incarcerable criminal offense under Maryland law (Md. Code Ann. CR §3-308(b)(1).

49. In mid-June 2019, Mr. Singh approached Plaintiff while she was working in order to show her a bizarre pornographic video. Singh then inquired as to Ms. Escobar's masturbation habits. Plaintiff verbally objected to Defendant Singh's behavior and at no time requested, welcomed, condoned or permitted such a sexually hostile and abusive working environment from anyone including Singh.

50. Defendant Singh's inappropriate behaviors and comments have been severe and pervasive throughout Plaintiff's employment, creating a hostile work environment. Plaintiff has been subjected to sexual harassment in violation of Title VII.

51. Defendants provided Plaintiff no meaningful means of reporting such sexual harassment; the harasser Singh was and is an owner and manager of the restaurant and his restaurant provided no valid or sound procedure, by company manual or otherwise, to keep Singh as CEO from abusing Ms. Escobar.

52. While Defendant Kaur did not individually participate in the sexual harassment and abuse of Ms. Escobar, she is a proper co-defendant employer for the reasons stated in paragraphs 15 through 17.

**EXHAUSTION OF EEOC ADMINISTRATIVE REMEDIES AND TIMELINESS**

53. Ms. Escobar filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination on or about June 24, 2019.

54. On March 11, 2020, the EEOC issue to Ms. Escobar a Right to Sue letter, which she received several days later by U.S Mail.

55. Plaintiff's filing of her claim of discrimination is both ripe by exhaustion of her administrative remedy and timely under the 90-day filing requirement, **either with or without** regard to recent orders of this Court and other courts suspending court activity and

applicable deadlines and statutes of limitations due to the coronavirus outbreak in this judicial

district and throughout the United States.

## COUNT I
## Violation of the FLSA
Failure to Pay Overtime Wages

56. Plaintiff hereby fully incorporates in this Count all foregoing paragraphs and allegations contained within Plaintiff's Complaint.

57. At all relevant times, Defendants were and are employers within the meaning of the FLSA and are subject to the provisions of the FLSA.

58. The Plaintiff at all relevant times was an employee of Defendants, as defined by the FLSA.

59. During the period of time that the Plaintiff was employed by Defendants, and performed regular, scheduled overtime work, no additional compensation was paid to her by Defendants in violation of the provisions of the FLSA, the MWHL, and the MWPCL. More specifically, Defendants violated the FLSA, the MWHL, and the MWPCL by failing to pay time and one-half overtime wages to hourly non-exempt employees, including Plaintiff who worked more than 40 hours in a workweek and earned overtime pay.

60. Upon information and belief, the Defendants jointly unilaterally imposed Defendants' pay system upon the Plaintiff.

61. The Defendants' failure to properly administer a scheme of compensation violates the overtime provisions of the FLSA and the regulations thereunder.

62. As a result of the Defendants' willful and knowing failure to properly compensate Plaintiff, Plaintiff has suffered substantial delays in receipt of wages owed and has suffered damages.

63. The Defendants' failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

64. Pursuant to 29 U.S.C. §§ 207 and 216, Defendants owe the Plaintiff compensation for her overtime work, as well as an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

65. The Defendants' failure to compensate the Plaintiff for all compensable hours violates the minimum wage provisions of the FLSA and the regulations thereunder.

**COUNT II**
**<u>Violation of the MWHL</u>**
Failure to Pay Overtime Wages

66. Plaintiff hereby fully incorporates in this Count all foregoing paragraphs and allegations contained within Plaintiff's Complaint.

67. Pursuant to MWHL § 3-415, each employer shall pay an overtime wage of at least one and a half (1.5) times the regular hourly rate.

68. Pursuant to MWHL § 3-420(a), each employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

69. Plaintiff has not received compensation from Defendants reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in one workweek.

70. Defendants willfully and intentionally withheld from the Plaintiff overtime wages that she is owed.

71. There is no *bona fide* dispute that Plaintiff is owed overtime wages for work performed for Defendants.

72. Under the MWHL, Plaintiff is entitled to additional wages from Defendants for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiff's regular hourly wage rate, plus liquidated damages in the same amount, interest and reasonable attorneys' fees.

**COUNT III**
**<u>Violation of the MWPCL</u>**
Failure to Pay Wages Earned

73. Plaintiff hereby fully incorporates in this Count all foregoing paragraphs and allegations contained within Plaintiff's Complaint.

74. Plaintiff is entitled to wages under MWPCL. §§ 3-501, *et. seq*., which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

75. MWPCL §3-505(a) requires that the Plaintiff receive all required wage compensation from Defendants for all wages owed for work performed before the end of her employment.

76. Defendants have failed and refused to pay those wages due and owing at the end of Plaintiff's employment.

77. MWPCL §3-502(a) requires that Defendants pay all due wages, including overtimes wages, on a regular pay period.

78. For many years, Defendants have detained as illegal gains the lawfully required overtime wages of Plaintiff Escobar, in willful and aggressive defiance of Maryland (and federal) law.

79. MWPCL §3-503 prohibits extracting from any paycheck any sum without the written authorization of the employee, unless required by other law, regulation, court order or allowance by the Maryland Commissioner of Labor and Industry.

80. For many years, Defendants have made illegal and even fraudulent deductions from Plaintiff's paychecks under the pretext of cash register shortfalls, fraudulently mischaracterized "taxes" and other illegal schemes, without written authorization as required.

81. More than 15 days have passed since the due date of all illegally withheld wages.

82. No *bona fide* dispute that Plaintiff is owed wages for the work she performed while employed by Defendants.

83. By withholding her lawful wages, Defendants have inflicted concrete and tangible hardship upon Plaintiff Guadalupe Escobar, causing her strain, fear, apprehension, financial anxiety, material deprivation and the unjust and abusive extortion of additional worktime from her as part of their illegal scheme.

84. Defendants' conduct was deliberate, willful, oppressive, engineered precisely to defeat and defy legal protections under the Maryland Wage Payment and Collection Act, as well as other law.

85. A maximal statutory award under Maryland law of treble damages, interest, attorneys' fees and costs is not always justified, but is justified in this case.

**COUNT IV**
**Title VII of the Civil Rights Act of 1964**
Sexual Discrimination

86. Plaintiff hereby fully incorporates in this Count all foregoing paragraphs and allegations contained within Plaintiff's Complaint.

87. Defendants harassed Plaintiff, their employee, by inflicting upon her a sexually hostile work environment that was both severe and pervasive in its hostility.

88. This harassment occurred on the basis of Plaintiff's sex (female), and included sexual groping, intrusive and offensive sexual remarks, sexual demands in terms of sexualized provocative attire unrelated to bona fide qualifications of the job.

89. Had Plaintiff been male, no such harassment by Defendant Singh would have occurred.

90. The harassment on the basis of sex constitutes an unlawful employment practice in defiance of the prohibitions of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a)(1).

91. As a result of the sexual discrimination, Plaintiff has suffered fear, outrage, disgust, oppression and the deprivation of her statutory right of a non-discriminatory workplace.

92. Defendants' conduct involved malice, i.e. intent to injure, intent to oppress, evil intent or reckless disregard of the rights.

93. Plaintiff requests compensatory and punitive damages, equitable relief, costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1981a(b).

## COUNT V
### Title 20 of State Government Article, Maryland Annotated Code
Sexual Discrimination

94. Plaintiff hereby fully incorporates in this Count all foregoing paragraphs and allegations contained within Plaintiff's Complaint.

95. Defendants harassed Plaintiff, their employee, by inflicting upon her a sexually hostile work environment that was both severe and pervasive in its hostility.

96. This harassment occurred on the basis of Plaintiff's sex (female), and included sexual groping, intrusive and offensive sexual remarks, sexual demands in terms of sexualized provocative attire unrelated to bona fide qualifications of the job.

97. Had Plaintiff been male, no such harassment by Defendant Singh would have occurred.

98. The harassment on the basis of sex constitutes an unlawful employment practice in defiance of the prohibitions of Title 20 of the State Government Article of the Maryland Annotated Code.

99. As a result of the sexual discrimination, Plaintiff has suffered fear, outrage, disgust, oppression and the deprivation of her statutory right of a non-discriminatory workplace.

100.      Defendants' conduct involved malice, i.e. intent to injure, intent to oppress, evil intent or reckless disregard of the rights.

101.      Plaintiff requests compensatory and punitive damages, equitable relief, costs and reasonable attorneys' fees pursuant to Title 20 of the Maryland Annotated Code, State Government article.

## COUNT VI
## Common-law of Maryland
Battery

102.      Plaintiff incorporates all prior paragraphs of this Complaint as if restated herein in full.

19

103.     Defendant Singh made harmful and offensive contact with the person of Guadalupe Escobar, his employee, by pressing a liquor bottle against her buttocks and thighs during her employment on May 10, 2019, doing so with expressed sexual intent.

104.     Guadalupe Escobar never gave permission to Defendant Singh to make any contact with her body, let alone upon her buttocks or thighs, with a liquor bottle or otherwise with any sexual connotation from her boss Charanjit Singh.

105.     As a result of the sexual battery upon an intimate area of her body, Guadalupe Escobar experienced shock, fear, outrage, oppression, disgust and anxiety.

106.     Defendant Singh acted with malice, i.e. evil intent, intent to oppress and intent to abuse a subordinate whose wages he was controlling and withholding illegally.

107.     Plaintiff requests compensatory and punitive damages against Charanjit Singh along with an award of costs to the extent permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants and prays for the following relief:

A.     Judgment against Defendants for their failure to pay Plaintiff in accordance with the standards set forth by the FLSA;

B.     Judgment against Defendants for their failure to pay Plaintiff in accordance with the standards set forth by the MWHL;

C.     Judgment against Defendants for their failure to pay Plaintiff in accordance with the standards set forth by the MWPCL;

D.     Judgment against Defendants by classifying their conduct as willful and intentional and not in good faith;

E.      Judgment against Defendants and classifying Plaintiff as a non-exempt employee entitled to protection under the FLSA, the MWHL, and the MWPCL;

F.      An award against Defendants for the amount of unpaid overtime wages owed Plaintiff, calculated at a rate that is not less than one and one-half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked;

G.      An award of liquidated or trebled damages equal to, or double, or triple, the total amounts of unpaid wages owed to Plaintiff, whichever is deemed just and equitable by this Honorable Court, consistently with the law and the proof in this case;

H.      An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by Defendants;

I.      An award that makes Plaintiff whole, by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; Judgment against Defendants and classifying their conduct as willful and intentional and not in good faith;

J.      Punitive damages to the extent authorized by statute and by the common law of Maryland for deceptive, malicious or oppressive infliction of harm by the respective Defendants; and

J.      All further relief deemed just and equitable by this Honorable Court.

## **REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of her peers hear and decide all possible claims brought on behalf of the Plaintiff.

Respectfully submitted,

/s/

_____

T. Bruce Godfrey #24596
Jezic & Moyse LLC
2730 University Blvd. West #604
Wheaton, MD 20902
240-292-7200/fax 240-292-7225
godfrey@jezicfirm.com



/s/

_____

THOMAS F. HENNESSY (VSB No. 32850)
(pro hac vice admission motion to follow)
**THE HENNESSY LAW FIRM, PLLC**
4015 Chain Bridge Road, Suite G
Fairfax, Virginia 22030
Phone: (703) 865-8836
Fax:    (703) 865-7633
thennessy@virginiawage.net